## In re HUDSON COAL CO.
### No. 9745.

District Court, M. D. Pennsylvania.
March 24, 1938.

Stark, Bissell & Reifsnyder, and J. Julius Levy, all of Scranton, Pa., for petitioners.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for debtor.

M. J. Martin, Kelly, Fitzgerald & Kelly, David J. Reedy, George W. Ellis, Edward J. Kelly, Frank M. Walsh, and Ellis Berger, all of Scranton, Pa., for interveners.

JOHNSON, District Judge.

This is a petition of six creditors, each owning one $1,000 bond, for reorganization of the Hudson Coal Company, debtor, under the provisions of section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207, and note, alleging that the debtor is unable to meet its obligations as they mature, that the debtor transferred, while insolvent, certain portions of its property to the Delaware & Hudson Company, one of its creditors, that the debtor is in need of reorganization for the preservation of its assets, that this petition is filed in good faith, and that the petitioners and other creditors will be able to present a feasible, fair, and equitable plan of reorganization under the direction of this court; and praying that a trustee be appointed and the petitioners be permitted to submit a plan or plans for the reorganization of the debtor pursuant to said section 77B of the Bankruptcy Act.

To this petition the Hudson Coal Company, debtor, filed its answer alleging, among other things, that these petitioners, alleged creditors who are bondholders, have no standing by reason of the provisions in the mortgage that they have no right to institute any suit unless they shall previously have delivered to the trustee written notice of default, nor unless holders of 20 per cent. of the bonds shall have requested the trustee in writing to take action, and that no one or more holders of bonds shall have any right in any manner whatever to disturb or prejudice the lien of the mortgage or enforce any writ thereunder excepting in the manner therein provided; and denying that it is unable to meet its obligations as they mature, that it transferred while insolvent large portions of its property to the Delaware & Hudson Company, that it is in need of reorganization for the preservation of its assets, that this petition is filed in good faith; and that a reorganization of the company is necessary, and praying that the petition be dismissed forthwith.

The First National Bank of Scranton, for itself and other bondholders, intervening filed its answer to the creditors' petition alleging, among other things, that in its own right it is the holder of $500,000 of bonds, that it files this answer also on behalf of other intervening bondholders who own about $5,000,000 in bonds, that no default has occurred in the payment of interest on these bonds, that these creditor petitioners have no standing in this proceeding, and that the debtor company is not in need of reorganization under section 77B; and requesting that the creditors' petition be dismissed.

On March 9, 1938, on presentation of this petition, a hearing was set at Lewisburg, Pa., on the 19th day of March, 1938, at 11 o'clock a. m. on the question of ap-

**770**

pointing a temporary trustee and it was ordered that notice thereof be given to the debtor company.

At the hearing, counsel for the Hudson Coal Company, debtor, filed a motion to dismiss the petition for its reorganization based on nine separate grounds, of which the first reads as follows: "1. The petition shows on its face lack of good faith and the petitioners bought bonds to acquire standing in this proceeding." At the hearing counsel for the petitioners made the following statement for the record: "We will admit on the record, so there will be no necessity for any examination of any of the petitioners, the following: That we purchased the unmatured bonds · for the purpose of enabling, that is, that the petitioners purchased the unmatured bonds for the purpose of enabling them to file a petition for reorganization."

, At the hearing arguments on the motion to dismiss were made at length on both sides, after which, by agreement by both sides, the court adjourned to determine and pass upon the motion to dismiss.

From the petition, the answers, the motion to dismiss, and the admission of counsel for the creditor's petition, the following main questions of law arise: First, whether these creditor bondholders, under the provisions of the mortgage, have standing to institute this proceeding, and, secondly, whether this petition for reorganization is presented in good faith.

■ The purpose of section 77B of the Bankruptcy Act is to benefit the company and all persons in interest, and the burden is, therefore, on the petitioners for reorganization to establish their legal standing to institute the proceeding, their good faith, and the need for such reorganization. These questions lie at the threshold of the case before the court should interfere with the affairs of the company. Such proceedings should be instituted in good faith either by the company itself or by creditors for the benefit of the company. The questions of law that must be determined at the threshold of this case, therefore, are the standing of the creditor petitioners and their good faith.

■ On the first question, the standing of the creditor petitioners under the provisions of the mortgage to institute this proceeding under section 77B of the Bankruptcy Act, the court is of the opinion that the provisions of the mortgage invoked in the answers of the Hudson Coal Company, debtor, and the intervening bondholders, relate to a foreclosure of the mortgage and the disturbance of the lien of the mortgage and not to a proceeding under section 77B of the Bankruptcy Act. The objection that the petitioning creditors have no standing to institute this proceeding on the ground of the provisions cited in the mortgage and the request for dismissal on this ground must, therefore, be overruled.

■ The second main reason for dismissal of the creditors' petition, that it is not made in good faith, is the real question presented here. If the creditors' petition is not presented in good faith, it must be dismissed. Counsel for the petitioning creditors stated for the record that the petitioners purchased the unmatured bonds for the purpose of enabling them to file a petition for reorganization. In any · proceeding of an equitable nature where good faith is required, parties may not purchase themselves into court. Justice, equity, and public policy prohibit this. If there were no case on the subject, this court would be obliged to decide on principle that such method of procuring the means of instituting such suit shows a lack of good faith. But this question has been specifically decided in Re Philadelphia Rapid Transit Company, D.C., 8 F.Supp. 51, where the "evidence disclosed that the petition was instituted by the city comptroller of Philadelphia for the purpose of reorganizing the Philadelphia Rapid Transit Company in which the city of Philadelphia had a partnership interest; that the two other creditors were holders of bonds which did not mature until 1962; and that the comptroller admitted that he and the other two alleged creditors set up claims against corporation for the sole purpose of complying with Bankruptcy Act 77B (11 U.S.C.A. § 207), requiring petition to be signed by three creditors in carrying out purpose to reorganize the transit company." The District Court dismissing the petition said: "The petition is not in truth a real creditors' petition and in this sense is not in good faith. Approval should in consequence be denied. * * * The petition must be by at least three creditors. It is easy for any three persons to acquire the status of creditors so as to meet this requirement. The petitioners have done this but this is not enough. The petition must be 'in good faith.'"

"The comment we have made is directed to the meaning of section 77B. We think it' means that the proceeding provided is to be invoked either by the corporation concerned or by its creditors. This is the meaning of the 'good faith' phrase used in the act. It does not, as we have said, refer to the purity of the motives of the petitioners, nor, on the other hand, does it mean that the petitioners have merely technically qualified as creditors. They must be found to be speaking for the corporation or as creditors."

This decision of the District Court dismissing the petition was unanimously affirmed by the Circuit Court of Appeals for the Third Circuit in S. Davis Wilson et al. v. Philadelphia Rapid Transit Company, 73 F.2d 1022.

As it was admitted at the hearing that the six creditor petitioners purchased their bonds for the purpose of instituting this proceeding, such action shows the lack of the good faith required by section 77B of the Bankruptcy Act for which the petition must be dismissed.

And now, the motion to dismiss the petition for reorganization under section 77B of the Bankruptcy Act is sustained and the creditors' petition is dismissed.